

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS

ATTORNEY GENERAL

*See* C-40

Honorable Charles E. Reagan
District Attorney
Marlin, Texas

Dear Sir:

Opinion No. 0-1398
Re: Can a member of the county
board of trustees also hold
the office of trustee for an
independent school district.

We are in receipt of your letter of September 5, 1939, in which you request an opinion of this Department as to whether or not a member of the county board of trustees may also hold the office of trustee for an independent school district.

The case which you cite in your letter, Thomas, et al. v. Abernathy County Line Independent School District, 290 S. W. 152, is in point. In this case the Commission of Appeals held that one person could not hold both the offices of school trustee and alderman of the city, despite the fact that the office of school trustee was not an office of emolument. The court held that the duties of the two offices were incompatible one to the other and therefore the same person would not be eligible to hold both. This case was followed by the Waco Court of Civil Appeals in the case of Kugle, et al. v. Glenn Rose Independent School District No. 1, 50 S. W. (2d) 375. In this case the court said as follows:

"Under the common law, the same person cannot hold two incompatible offices -- that is, offices, the duties of which conflict, or are inconsistent."

The test which is laid down by our courts is, therefore, whether or not the office of trustee of a school district is incompatible with the other office which the same person wishes to hold.

In this case we have the same person trying to hold both the office of trustee of an independent school district and member of the county board of trustees. While the county board of trustees does not exercise the control over the independent school districts that it does over the common school districts, still it does exercise such control as would make the two offices here sought incompatible. One very good example of this is set out in Article 2696 of the Revised Civil Statutes of Texas, which Article reads as follows:

"Any child lawfully enrolled in any district or independent district, may by order of the county superintendent, be transferred to the enrollment of any other district or independent district in the same county upon a written application of the parent or guardian or person having lawful control of such child, filed with the county superintendent; provided that any district or independent district being dissatisfied with any transfer made by the county superintendent may appeal from such action to the county board of trustees of said county who shall have the right to annul and cancel the transfer allowed by the county superintendent.

"The applicant shall state in said application that it is his bona fide intention to send said child to the school to which the transfer is asked.

"Upon the certification of the transfer of any child, from one district to another district, by the county superintendent of the county in which the child resides at the time of the transfer, the State Department of Education shall authorize the State Treasurer to pay over directly the per capita apportionment, in independent districts of five hundred (500) or more scholastic population, to the district to which such child is transferred; and in all other districts, to county superintendents, to be paid by him to the respective districts to which such children are transferred; provided, no transfer shall be made after August 1st."

Under the statute above set out any dispute between school districts over transfers and over the receipt of the per capita apportionment by the school district because of such transfer, would be appealed to the board of trustees. To allow one person to act as a trustee of one of the districts and also to serve as a member of the board of trustees of the county would be to allow an interested party to act as arbitrator over disputes between school districts. There is no question but what the two offices in this instance are incompatible and inconsistent one with the other.

It is the opinion of this Department, therefore, that a member of the county board of trustees may not also hold the office of trustee for an independent school district.

| APPROVED SEP 14, 1939 | APPROVED OPINION COMMITTEE | Very truly yours ATTORNEY GENERAL OF TEXAS |
| /s/ Gerald C. Mann | BY /s/ EWC | By /s/ Billy Goldberg |
| ATTORNEY GENERAL OF TEXAS | CHAIRMAN | Billy Goldberg Assistant |

BG:RS:IM